**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KAREN COLE, individually and on behalf of all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1-11-cv-03299 |
| v. | ) Honorable Ronald A. Guzman |
| | ) Magistrate Judge Morton Denlow |
| AUTOMATED FINANCIAL, LLC and | ) |
| METABANK, d/b/a META PAYMENT | ) CLASS ACTION |
| SYSTEMS, a division of METABANK, | ) JURY DEMANDED |
| | ) |
| Defendants. | ) |

**ANSWER TO CLASS ACTION COMPLAINT**

Defendant Automated Financial, LLC ("Automated") for its answers and affirmative

defenses to the Class Action Complaint filed by Karen Cole, individually and on behalf of all

others similarly situated, states as follows:

**The Parties**

**Complaint No. 1**

Plaintiff is an Illinois citizen and resides in this district.

**Answer No. 1**

Defendant Automated lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 1 of the Complaint and accordingly denies them.

**Complaint No. 2**

Defendant Automated Financial, LLC is an Arizona corporation doing

business in this district through various ATM locations, including 845 N.

Michigan Ave., Chicago, Illinois 60611.

## Answer No. 2

Defendant Automated denies that it is an Arizona corporation, as it is an Arizona limited liability company.  Defendant Automated admits that it operates various ATMs at locations, including 845 N. Michigan Avenue, Chicago, Illinois 60611.

## Complaint No. 3

Defendant MetaBank, doing business as Meta Payment Systems, a division of MetaBank, is a federally chartered savings bank doing business in this district through various ATM locations, including 845 N. Michigan Ave., Chicago, Illinois 60611.

## Answer No. 3

The allegations of Paragraph 3 are not directed at Defendant Automated and therefore no answer is required.

## Jurisdiction and Venue

## Complaint No. 4

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* and Regulation E, 12 C.F.R. § 205.1 *et seq.*

## Answer No. 4

The allegations of Paragraph 4 state legal arguments and/or conclusions to which no answer is required.  To the extent an answer is required, Defendant Automated admits that the Court has federal question jurisdiction over this action, but otherwise denies the allegations of Paragraph 4 of the Complaint.

## Complaint No. 5

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred here.

### Answer No. 5

The allegations of Paragraph 5 state legal arguments and/or conclusions to which no answer is required. To the extent that an answer is required, Defendant Automated denies the allegations of Paragraph 5.

### Statutory/Regulatory Authority

### Complaint No. 6

The Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

### Answer No. 6

The allegations of Paragraph 6 state legal arguments and/or conclusions to which no answer is required. To the extent an answer is required, Defendant Automated admits that to the extent an ATM operator imposes a fee on consumers initiating an electronic fund transfer or a balance inquiry, the EFTA, 15 U.S.C. § 1693 *et seq.*, and its Regulation E, 12 C.F.R. § 205.1 *et seq.*, require that the ATM operator shall provide notice to consumers for conducting a transaction at an ATM and the amount of such a fee. Defendant Automated otherwise denies the allegations of Paragraph 6.

### Complaint No. 7

Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed ("Posted Fee Notice") and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee ("Screen Notice").

### Answer No. 7

The allegations of Paragraph 7 state legal arguments and/or conclusions to which no answer is required. To the extent an answer is required, Defendant Automated admits that to the extent an ATM operator imposes a fee on consumers initiating an electronic fund transfer or a

3

balance inquiry, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose on the ATM that a fee will be imposed ("Posted Fee Notice") for providing electronic fund transfer services or for a balance inquiry.  Defendant Automated denies that 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose on the ATM screen that a fee will be imposed and the amount of such a fee, as the ATM operator requires that notice be provided either by showing it on the screen of the ATM or by providing it on paper before the consumer is committed to paying a fee.  Defendant Automated otherwise denies the allegations of Paragraph 7.

### Complaint No. 8

The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

### Answer No. 8

The allegations of Paragraph 8 state legal arguments and/or conclusions to which no answer is required.  To the extent an answer is required, Defendant Automated denies the allegations in Paragraph 8.

### Facts

### Complaint No. 9

On May 27, 2010, Plaintiff was charged $2.50 to withdraw money from the ATM located at 845 N. Michigan Ave., Chicago, IL 60611 ("ATM at Issue"), Terminal Number TRA819363720001.

### Answer No. 9

Defendant Automated lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

**Complaint No. 10**

On May 27, 2010, at the time the ATM at Issue was used, there was no Posted Fee Notice posted on or near the ATM at Issue that disclosed that users would be charged any fee for using the ATM at Issue.

**Answer No. 10**

Defendant Automated denies the allegations in Paragraph 10.

**COUNT I**
**VIOLATION OF EFTA AND REGULATION E**

**Complaint No. 11**

Plaintiff incorporates herein by reference paragraphs 1-10 as if set forth fully in this Count.

**Answer No. 11**

Defendant Automated incorporates the responses to Paragraphs 1-10 of this answer as if

fully set forth herein.

**Complaint No. 12**

Plaintiff brings this Count on behalf of herself and a Class of all persons who were charged a transaction fee for the use of the ATM located at 845 N. Michigan Ave Chicago, IL 60611, Terminal Number TRA819363720001.

**Answer No. 12**

Defendant Automated admits that Plaintiff purports to bring this action as a class action

on her own behalf and on behalf of a class of all persons who were charged a transaction fee for

the use of ATM number TRA819363720001 located at 845 N. Michigan Ave., Chicago, IL

60611. Defendant Automated otherwise denies the allegations of Paragraph 12.

**Complaint No. 13**

On information and belief, the putative Class consists of hundreds of persons and is so numerous that joinder of all putative Class members, whether otherwise required or permitted, is impracticable. The actual number of putative Class members is in the exclusive control of Defendants.

**Answer No. 13**

The allegations of Paragraph 13 state legal arguments and/or conclusions to which no answer is required.  To the extent an answer is required, Defendant Automated denies the allegations of Paragraph 13.

**Complaint No. 14**

Questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

(a)     Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendants were ATM operators at all relevant times during the class period and imposed a fee on consumers for providing host transfer services to those consumers; and

(b)     Whether, at all relevant times during the class period, Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

**Answer No. 14**

The allegations of Paragraph 14 state legal arguments and/or conclusions to which no answer is required.  To the extent an answer is required, Defendant Automated denies the allegations of Paragraph 14.

**Complaint No. 15**

Plaintiff's claims are typical of the claims of the putative Class members, including:

(a)     Plaintiff and all putative Class members used the ATM at Issue operated by Defendants;

(b)     Defendants failed to provide notice compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

(c)     Defendants illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM at Issue.

### Answer No. 15

The allegations of Paragraph 15 state legal arguments and/or conclusions to which no answer is required.  To the extent an answer is required, Defendant Automated denies the allegations of Paragraph 15.

### Complaint No. 16

Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

### Answer No. 16

Defendant Automated lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 and therefore denies them.

### Complaint No. 17

Questions of law or fact common to the putative class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

### Answer No. 17

The allegations of Paragraph 17 state legal arguments and/or conclusions to which no answer is required.  To the extent an answer is required, Defendant Automated denies the allegations of Paragraph 17.

### Complaint No. 18

This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

### Answer No. 18

The allegations of Paragraph 18 state legal arguments and/or conclusions to which no answer is required.  To the extent an answer is required, Defendant Automated denies the allegations of Paragraph 18.

### Complaint No. 19

The size of each putative Class member's actual damages is too small to make individual litigation an economically viable option.

### Answer No. 19

The allegations of Paragraph 19 state legal arguments and/or conclusions to which no answer is required. To the extent an answer is required, Defendant Automated denies the allegations of Paragraph 19.

### Complaint No. 20

No unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative Class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

### Answer No. 20

The allegations of Paragraph 20 state legal arguments and/or conclusions to which no answer is required. To the extent an answer is required, Defendant Automated denies the allegations of Paragraph 20.

### Complaint No. 21

Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), and on information and belief, Automated Financial, LLC was an ATM operator at all times relevant to this action.

### Answer No. 21

Defendant Automated admits only that it was an ATM operator at all times relevant to this action. The remaining allegations of Paragraph 21 consist of legal arguments and conclusions to which no answer is required.

### Complaint No. 22

Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), and on information and belief, MetaBank, doing business as Meta Payment Systems, a division of MetaBank, was an ATM operator at all times relevant to this action.

## Answer No. 22

The allegations of Paragraph 22 are not directed at Defendant Automated and therefore no answer is required.

## Complaint No. 23

According to its website, Automated Financial, LLC "is a full service ATM provider" with a portfolio consisting of "over 4000 ATM sites across the United States."

## Answer No. 23

Defendant Automated admits that according to its website, Automated "is a full service ATM provider" with a portfolio consisting of "over 4000 ATM sites across the United States."

## Complaint No. 24

Automated Financial, LLC lists MetaBank as one of its partners and provides custom branding kits to reinforce branding.

## Answer No. 24

Defendant Automated admits that it lists MetaBank as one of its partners.  Defendant Automated also admits that it provides custom branding kits to reinforce branding.

## Complaint No. 25

The ATM at Issue contains MetaBank branding and tells customers to report operational problems to Automated Financial, LLC and its website, www.atmconnection.com.

## Answer No. 25

Defendant Automated admits that the ATM at Issue contains MetaBank branding and tells customers to report operational problems to Automated Financial, LLC and its website, www.atmconnection.com.

## Complaint No. 26

According to its website, MetaBank's "knowledgeable ATM team is comprised of experienced industry leaders who value the importance of communication and the benefit of onsite visits."

### Answer No. 26

The allegations of Paragraph 26 are not directed at Defendant Automated and therefore no answer is required.

### Complaint No. 27

As ATM operators, Defendants are responsible for compliance with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

### Answer No. 27

Defendant Automated admits only that it is an ATM operator.  The allegation that MetaBank is an ATM operator is not directed at Defendant Automated and therefore no answer is required.  The remaining allegations of Paragraph 27 consist of legal arguments and conclusions to which no answer is required.

### Complaint No. 28

Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

### Answer No. 28

The allegations of Paragraph 28 state legal arguments and/or conclusions to which no answer is required.  To the extent an answer is required, Defendant Automated denies the allegations of Paragraph 28.

### Complaint No. 29

Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), a fee was therefore illegally imposed on Plaintiff and all putative Class members for their respective use of the ATM at Issue.

**Answer No. 29**

The allegations of Paragraph 29 state legal arguments and/or conclusions to which no answer is required. To the extent an answer is required, Defendant Automated denies the allegations of Paragraph 29.

**Complaint No. 30**

Because, on information and belief, all Defendants acted jointly to effectuate operation of the ATM at Issue, they are jointly and severally liable.

**Answer No. 30**

The allegations of Paragraph 30 state legal arguments and/or conclusions to which no answer is required. To the extent an answer is required, Defendant Automated denies the allegations of Paragraph 30.

**ANSWER TO CLASS ACTION COMPLAINT**

Defendant Automated hereby repeats and incorporates herein paragraphs 1 – 30 above and plead their affirmative defenses as follows.

**Affirmative Defense 1**

No act or omission of Defendant Automated was a substantial cause of the occurrence referred to in the Complaint, or any injury, damage, or loss to Plaintiffs, nor was any act or omission of Defendant Automated a contributing cause thereof, and any act or omission of Defendant Automated was superseded by the acts or omissions of other persons, and those acts or omissions were the independent, superseding, intervening, and proximate cause of the alleged notice deficiency claimed in this action.

**Affirmative Defense 2**

Plaintiff's claims are barred, in whole or in part, because pursuant to 15 U.S.C. § 1693h(d), Plaintiff's alleged damage, if any, was proximately caused by the negligence or

wrongful conduct of others, who were outside the control of Defendant Automated, and not by Defendant Automated.

### Affirmative Defense 3

Plaintiff's claims are barred because, assuming *arguendo* that there was no posted fee notice posted on or near the alleged ATM referred to in the Complaint, pursuant to 15 U.S.C. § 1693m(d), Defendant Automated complied in good faith with the rule, regulation, or interpretation of a Board or approval of a duly authorized official or employee of the Federal Reserve System.

### Affirmative Defense 4

Plaintiff's claims are barred because, assuming *arguendo* there was no posted fee notice posted on or near the alleged ATM referred to in the Complaint, pursuant to 15 U.S.C. § 1693m(c), the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### Affirmative Defense 5

Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages.

### Affirmative Defense 6

Plaintiff's cause of action against Defendant Automated was brought in bad faith or for purposes of harassment. Accordingly, pursuant to 15 U.S.C. § 1693m(f), Defendant Automated is entitled to their reasonable attorneys' fees for this action.

### Affirmative Defense 7

Plaintiff's cause of action against Defendant Automated is not a case or controversy and therefore lacks standing.

WHEREFORE, Defendant Automated Financial, LLC respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims asserted in Plaintiff's Class Action Complaint, awarding Automated Financial, LLC its attorneys fees and costs of defense, and granting such other and further relief as the Court deems just and appropriate.

Date: July 18, 2011                                                  Respectfully submitted,


By:   s/Daniel P. Shapiro
      One of the Attorneys for Defendant
      Automated Financial, LLC

Daniel P. Shapiro (ARDC #6183812)
Angela M. Liu (ARDC #6299353)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661
(312) 902-5200